WESLEY M. HALL v. BENJAMIN HALL, Administrator, &c.

The title of an administrator to the property administered on exists only for special purposes, to enable him to administer the property according to law, by paying the debts of the deceased, and making distribution to those entitled to the estate upon final settlement.

The possession and retention of a bequest by a legatee for some considerable time, without complaint of the executor, will be conclusive that there had been an assent.

The assent of an executor to the first taker's possession and enjoyment of the legacy, is an assent to the legacy to the remainder-man.

In error from the circuit court of Lauderdale county; Hon. F. M. Rogers, judge.

The opinion of the court contains a statement of the facts of the case.

*Evans* and *McElroy* for appellant.

*Wood* and *Glenn* for appellee.

The right of the administrator to sue is undoubted. *Lucas v. Lockhart*, 10 S. & M. 473.

An estate for life created by will, with remainder over after the termination of the particular estate, is properly sued for in the name of the administrator or executor. Story, Eq. Pl. § 76, 171, 217, n. 1.

The provision of the will " that after the determination of the life-estate, the heirs shall take share and share alike," is inoperative, as they take by descent, not by devise as remainder-men, because the bequest gives them just what the law would have done. Chilton, Prob. Pr. 146.

Hall *v.* Hall.

Where one devises slaves to a tenant for life, without further disposition, they vest, on the death of the tenant, in the representatives of testator.  4 McCord, 427.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of trover brought in the circuit court of Lauderdale county by the defendant in error, as administrator of John Hall, deceased, to recover of the plaintiff in error the value of a certain slave named Dixon and hire, alleged to have been the property of the deceased John Hall in his lifetime.

The main question presented for adjudication is, whether the testimony, as disclosed by the bill of exceptions, establishes a title in the defendant in error as administrator, or in the deceased, to the slave, and consequently a right to recover the value of the slave in this action.

The will of John Hall appears to have been admitted to probate in the county court of the county of Davidson, in the State of Tennessee, at the January term thereof, 1823.  The testator by his will bequeathed to his wife, Susannah Hall, during life or widowhood, a female slave, Jenny, who is the mother of the boy Dixon, about whom this suit originated.  The slave Jenny was held by Mrs. Hall during her life, she having died about the year 1844.  The will provides that after her death or marriage, the property given her shall be equally divided among the heirs of the testator.

The suit is prosecuted by the plaintiff below, as administrator, with an authenticated copy of the will of John Hall annexed, as probated in the State of Tennessee, no probate having been granted in this State.

The only question necessary to be noticed under this state of facts is, whether this evidence is sufficient to entitle the plaintiff to recover.

The plaintiff's right to damages, or the value of the slave, must depend upon the fact whether he has such title as would, in a different action, enable him to recover the slave himself. The title of an administrator exists only for special purposes, to enable him to administer the property according to law, by paying the debts of the deceased, and making distribution to

those entitled to the estate upon final settlement. The same may be said of administrator with the will annexed, whose duties are only varied in the distribution of the estate, which is in the one case regulated by law, and in the other by the will. Distribution to those who take in either mode, as a general rule, is an act of complete and final administration.

The testimony shows that Mrs. Hall, the tenant for life, had been for fifteen or twenty years next preceding her death in possession of the slave Jenny, and that Dixon, Jenny's child, was born after the death of the testator, John Hall. From the length of time she thus held undisputed possession, and enjoyed the full benefit of the property, we must presume the assent of the executor named in the will to have been given to her legacy. " The legatee's possession and retention of the bequest for some considerable time, without complaint of the executor, would lead to a conclusion that there had been an assent." 2 Lomax, Ex'rs, 131, 132.

From all that appears, then, we must presume that the legacy to the tenant for life was assented to by the executor named in the will, or by the administrator with the will annexed. This was an act of complete administration. The same act which recognized and vested the title to the slaves in the tenant for life, also recognized the title of the persons who take in remainder. The court, in the case of *Lynch* v. *Thomas*, 3 Leigh, 693, said, that "it seems to be well established that an assent of the executor to the first taker's possession and enjoyment of the legacy is an assent to the legacy to the remainder-man." The same doctrine, srated in even stronger and more pointed language, is held in the case of *Bishop's Ex'rs* v. *Bishop et al.*, 2 Leigh, 480.

Independent of these authorities, the question is no less clear alone upon reason and principle. It follows hence, that the title having vested in the tenant for life, that the slaves, at her death, would go, according to the terms of the will, directly to the persons taking in remainder, and not to the administrator with the will annexed. Having no right to recover the slaves themselves, he, for the same reason, had none to recover their value in an action of trover.

Looking at the whole evidence, we are of opinion that the plaintiff below was not entitled to recover; and for this reason reverse the judgment, and grant a new trial.